UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jordan Palm<br>17609 N 19th Ave., Apt. #219<br>Phoenix, AZ 85023<br>　　　　　　　　　Plaintiff<br>v.<br><br>Susan Cramer<br>475 Ridge Rd.<br>Ambridge, PA 15003<br>　　　　　　　　　And<br>Jonathan R. Cramer, Sr.<br>475 Ridge Rd.<br>Ambridge, PA 15003<br>　　　　　　　　　Defendants | # __2:21-cv-1131__ |

# COMPLAINT

## PARTIES

1. Plaintiff, Jordan Palm, is a resident of the State of Arizona, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, Susan Cramer, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

3. Defendant, Jonathan R. Cramer, Sr., is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

4. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff, Jordan Palm, is a citizen of Arizona and the Defendants,

Susan Cramer and Jonathan R. Cramer, Sr., are citizens of Pennsylvania and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

6. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS

7. On or about August 27, 2020, at or about 7:00 p.m., Plaintiff, Jordan Palm, was the passenger of a motor vehicle, which was traveling on PA-65, at or near its intersection with 8th St., in Ambridge, PA.

8. At or about the same date and time, Defendant, Susan Cramer, was the operator of a motor vehicle, owned by Defendant, Jonathan R. Cramer, Sr., which was traveling at or around the aforementioned location of the vehicle in which Plaintiff was a passenger.

9. At or about the same date and time, Defendants' vehicle was involved in a collision with the vehicle in which Plaintiff was a passenger.

10. The aforesaid motor vehicle collision was the result of Defendant, negligently and/or carelessly, operating his/her vehicle in such a manner so as to strike vehicle in which Plaintiff was a passenger.

11. The aforesaid motor vehicle collision was a direct result of the negligence and/or carelessness of the Defendants and not the result of any action or failure to act by the Plaintiff.

12. As a result of the collision, Plaintiff suffered severe and permanent injuries, including to the head, neck, back, left side of ribs and left shoulder, as are more fully set forth below.

## COUNT I
### Jordan Palm v. Susan Cramer
### Negligence

13. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

14. The negligence and/or carelessness of the Defendant, which was the direct cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

a. Striking vehicle in which Plaintiff was a passenger, while attempting to make a left hand turn and merging into the vehicle in which Plaintiff was a passenger's lane of travel;

b. Operating his/her vehicle into Plaintiff's lane of travel;

c. Failing to maintain proper distance between vehicles;

d. Operating said vehicle in a negligent and/or careless manner so as to strike vehicle in which Plaintiff was a passenger, without regard for the rights or safety of Plaintiffs or others;

e. Failing to have said vehicle under proper and adequate control;

f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Violation of the assured clear distance rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without striking the vehicle in which Plaintiff was a passenger;

j. Being inattentive to his/her duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a high rate of speed which was high and dangerous for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a collision;

q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r. Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

s. Continuing to operate the vehicle in a direction towards the vehicle in which Plaintiff was a passenger, when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

u. Being otherwise careless and/or negligent under the circumstances.

15. As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the head, neck, back, left side of ribs and left shoulder, all to Plaintiff's great loss and detriment.

16. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

17. As an additional result of the carelessness, and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

18. As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

19. As a direct result of the negligent, and/or careless conduct of the Defendant, Plaintiff suffered damage to his/her personal property, all to Plaintiff's great loss and detriment.

20. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Jordan Palm, prays for judgment in plaintiffs' favor and against Defendant, Susan Cramer, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT II
### Jordan Palmer v. Jonathan R. Cramer, Sr.
### Negligent Entrustment

21. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

22. The negligence and/or carelessness of the Defendant, Jonathan R. Cramer, Sr., which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

   a. Permitting Defendant, Susan Cramer, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

   b. Permitting Defendant, Susan Cramer, to operate the motor vehicle when Defendant, Jonathan R. Cramer, Sr., knew, or in the exercise of due care and diligence, should have known that Defendant, Susan Cramer, was capable of committing the acts of negligence set forth above;

   c. Failing to warn those persons, including the Plaintiff, that Defendant, Jonathan R. Cramer, Sr., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Susan Cramer's negligent operation of the motor vehicle; and

   d. Otherwise negligently entrusting said vehicle to said individual Defendant, Susan Cramer.

23. As a direct and consequential result of the negligent, and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the head, neck, back, left side of ribs and left shoulder, all to Plaintiff's great loss and detriment.

24. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

25. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

26. As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

27. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Jordan Palm, prays for judgment in plaintiff's favor and against Defendant, Jonathan R. Cramer, Sr., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: *Brandon Keller*
          Brandon Keller, Esquire